IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | : CIVIL ACTION : : |
| v. | : : : NO. 15-269 |
| BONAN HUANG, et al. | : |

# **SCHEDULING ORDER**

**NOW,** this 4th day of March 2015, following a March 2, 2015 Telephone Status Conference, it is **ORDERED** that:

1. Counsel and parties are required to follow this Court's Policies and Procedures (January 2015) ("Policies") found at www.paed.uscourts.gov.

2. All fact and expert discovery shall be served, noticed and completed by **July 12, 2015.**[1]

3. The Court will hold a telephone status conference regarding discovery progress on **April 30, 2015 at 4:45 P.M.** Counsel for the plaintiff is directed to initiate this call and timely call Chambers at 267-299-7680 when all lead counsel are on the line.

4. **This matter is referred to Magistrate Judge Heffley for all settlement purposes.** Plaintiff's Counsel will contact Magistrate Judge Heffley to schedule an initial settlement conference to occur on or before **July 31, 2015**. Counsel will timely advise Magistrate Judge Heffley if there is no chance of settlement before the conference; Counsel shall also then

---

[1] Should *both* parties wish to extend any *discovery* deadlines (fact and/or expert) *without extending any other deadlines* (including the settlement conference) set forth in this Scheduling Order, the parties may agree to do so without seeking leave of the Court.

promptly advise in writing and then confer with this Court to discuss the lack of any settlement opportunity.

5. Counsel shall exchange the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report or answer to expert interrogatory no later than **July 1, 2015**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **July 13, 2015**.

6. Any party expecting to offer opinion testimony from lay witnesses pursuant to Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance and the basis for each opinion.

7. All motions for summary judgment and *Daubert* motions, if any, shall be filed no later than **August 17, 2015.** Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **August 24, 2015**. Motions for summary judgment and responses shall comply with this Court's Policies including:

(a) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material <u>facts</u> that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b) Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial.

2

The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c) Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d) Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e) Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

(f) Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

8. The Court will hold a Telephone Status Conference regarding trial scheduling in October 2015 on **September 9, 2015 at 8:45 A.M.** Counsel for the plaintiff is directed to initiate this call and timely call Chambers at 267-299-7680 when all lead counsel are on the line.

                                                                                       KEARNEY, J.