IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-v-<br><br>BONAN HUANG, et al.,<br><br>Defendants. | Case No. 2:15-cv-00269-MAK |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
PASSCODES TO DEFENDANTS' WORK-ISSUED SMARTPHONES**

This discovery dispute arises from Plaintiff Securities and Exchange Commission's requests for Defendants' passcodes to their work-issued smartphones, and Defendants invocation of the Fifth Amendment in refusing to respond.[1] Defendants' Fifth Amendment assertions are proper. The SEC's discovery requests seek testimony from Defendants in the form of their passcodes, which could be used as a link to evidence that may incriminate them. And contrary to the SEC's argument, the holdings articulated in *Braswell v. United States*, 487 U.S. 99 (1988), and similar Supreme Court cases are inapplicable. Defendants are not corporate records custodians who are prohibited from asserting the Fifth Amendment in response to a request for their passcodes and Defendants' passcodes are not corporate documents.

**I.   Background**

The SEC served an individual interrogatory on each Defendant asking them to "[i]dentify the Passcode for the [smartphone] that you used during the course of your employment at Capital One." The SEC also served a corresponding request for production seeking "[d]ocuments

---

[1] Nothing in this Opposition is intended to suggest whether Defendants can remember the most recent passwords for their smartphones.

sufficient to identify the Passcode" to their smartphones. Defendants invoked their Fifth Amendment rights in response to these discovery requests. The SEC now seeks to compel responses to these requests based on the argument that Defendants have no Fifth Amendment right "to refuse to turn over documents in their possession, custody, or control in their capacity as a custodian for a company." SEC Mem. at 13 (relying on *Braswell*, 487 U.S. at 119 (1988)).

## II. Argument

### A. Defendants properly invoked their Fifth Amendment rights in response to the SEC's discovery requests asking Defendants to disclose their passcodes

It is undisputed that Defendants may invoke their Fifth Amendment rights instead of providing substantive answers to questions that "might incriminate [them] in future criminal proceedings," or that would "furnish a link in the chain of evidence needed to prosecute" them. *U.S. v. Mahady & Mahady*, 512 F.2d 521, 525 (3d Cir. 1975) (internal citations and quotation marks omitted). Providing the passcodes to Defendants' smartphones in response could serve as just such a link to evidence that may incriminate them by allowing the SEC to search through all the contents of their smartphones. Such testimony is protected by the Fifth Amendment regardless of whether it is characterized as an interrogatory or request for production. *See In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1346 (11th Cir. 2012) (holding that the required production of decrypted hard drives in response to a grand jury subpoena "would be tantamount to testimony by Doe" because it "would require the use of the content of Doe's mind and could not be fairly characterized as a physical act that would nontestimonial in nature"); *U.S. Kirschner*, 823 F. Supp. 2d 665 (E.D. Mich. 2010) (quashing subpoena for password to computer because "the government is not seeking documents or objects—it is seeking testimony from Defendant, requiring him to divulge through his mental processes his password—that will be used to incriminate him").

Defendants' Fifth Amendment right to not provide potentially incriminating testimony is not somehow forfeited because the SEC wants to use that testimony to search a corporate smartphone. Indeed, even when a corporate records custodian is required to produce documents not covered by the Fifth Amendment under *Braswell*, as the SEC argues is the case here, the Third Circuit has held that the individual may still properly invoke the Fifth Amendment in response to compelled testimony under oath. *See id.* at 526 (partner who required to produce law firm financial records was not required to give testimony with respect to the financial transactions). Here, the SEC's discovery requests seek nothing more than compelled testimony under oath, and Defendants invocation of the Fifth Amendment in response was proper.

### B.  Defendants are not corporate custodians

The SEC argues that Defendants may not invoke the Fifth Amendment in response to the discovery requests seeking Defendants' passcodes. The SEC relies exclusively on a line of Supreme Court cases, which hold that a custodian of corporate records may not resist a subpoena for such records on the ground that the act of production would incriminate him personally in violation of the Fifth Amendment.

The SEC stretches the interpretation of the cases cited in its brief by arguing that Defendants are somehow corporate records custodians. As the Supreme Court recognized in *Bellis v. United States*, "an individual **acting in his official capacity on behalf of the organization** may not take advantage of his personal privilege." 417 U.S. 85, 90 (1974) (emphasis added). The Court did not define what it means to act in an official capacity on behalf of an organization, but did suggest that the person must be explicitly designated by the organization. *Id.* at 93 (holding that the Fifth Amendment does not apply to records subpoenaed

3

from an organization that "maintains a distinct set of organizational records, and **recognize rights in its members** to control and access them") (emphasis added).

All three cases cited by the SEC involve subpoenas directed at designated records custodians and demand production by the custodians of records they maintain in their official capacities. *Braswell*, 487 U.S. at 101 (subpoena directed at president and sole shareholder of company who was only person with authority over the business affairs of the corporation); *Bellis*, 417 U.S. at 86 (subpoena directed at senior partner for dissolved law firm who maintained firm's records in his office and who supervised secretary who performed bookkeeping tasks); *Owen v. Kennedy*, 84 S. Ct. 12, 13 (1963) (order requiring production of official records directed at court clerks and registrars in their official capacities).

In contrast to these cases, the SEC's requests here are directed at individual former employees of Capital One who had no official responsibilities for maintaining Capital One's records and maintain no formal ties to Capital One. The SEC has not explained how Defendants, who are the targets of these discovery requests only in their capacities as individual defendants in this case, can now somehow be considered corporate records custodians acting in an "official capacity" on behalf of Capital One for purposes of this motion. There is no evidence that Capital One recognized, either then or now, that Defendants had any right to maintain its official records. Indeed, as discussed below, Defendants were explicitly prohibited by Capital One from maintaining records of their smartphone passcodes. The cases cited by the SEC are simply inapplicable here because Defendants are not corporate records custodians.

### C. The SEC mischaracterizes its discovery requests as seeking corporate records

In an attempt to make these cases applicable to the discovery dispute at hand, the SEC characterizes its requests for Defendants' passcodes as a request for company records. The SEC's characterization is misguided.

As the Third Circuit has recently recognized, in order for *Braswell* to apply, "the records subpoenaed must in fact be organizational records held in a representative capacity, such that it is fair to say that the records demanded are the records of the organization rather than those of the individual." *In re Grand Jury Empaneled on May 9, 2014*, 786 F.3d 255, 260 (3d Cir. 2015) (internal quotation marks omitted). The SEC seeks no such records.

The SEC's interrogatory asking Defendants to disclose their password seeks testimony and not production of a corporate record. And the SEC has not even attempted to argue that the documents it seeks in its requests for production (i.e., "documents sufficient to identify the passcode") are somehow corporate records. Indeed, Defendants' former employer, Capital One, had a policy stating that employees must "not keep a record (e.g. paper, software file or hand-held device) of passwords." SEC Ex. EE at SECP-COF-00006309.

To the extent that the SEC argues that its requests are aimed at obtaining corporate documents on Defendants' smartphones and that providing the passcodes would be a nontestimonial act akin to producing a key to a safe, courts have explicitly rejected this analogy. *In re Grand Jury Subpoena*, 670 F.3d at 1346 (holding that requiring defendant to decrypt a hard drive for the government "is most certainly more akin to requiring production of a combination," which "demands the use of the contents of the mind" and "is testimonial in character); *see also Kirschner*, 823 F. Supp. at 668–69. *In re Boucher*, No. 2:06-mj-91, 2007 WL 4246473, at *4 (D. Vt. Nov. 29, 2007) ("A password, like a combination, is in the suspect's mind, and is therefore

5

testimonial and beyond the reach of the grand jury subpoena."), *rev'd*, 2009 WL 424718 (reversing because subpoena now sought the unencrypted data rather than the password itself).

### III. Conclusion

For the foregoing reasons, the SEC's motion to compel Defendants' passcodes should be denied.

Dated: New York, New York
September 9, 2015

                                                                  Morvillo LLP

                                                                  /s/ Eugene Ingoglia
                                                                  Gregory Morvillo
                                                                  Eugene Ingoglia
                                                                  Jason Somensatto
                                                                  200 Liberty Street, 27th Floor
                                                                  New York, New York 10281
                                                                  212-796-6330
                                                                  eingoglia@morvillolaw.com

                                                                 /s/ Mark Billion
                                                                  Billion Law
                                                                  1 International Plaza, Suite 550
                                                                  Philadelphia, PA 19113
                                                                  212-268-7722
                                                                  markbillion@billionalaw.com

                                                                  *Attorneys for Defendants*
                                                                  *Bonan and Nan Huang*