IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**<br><br>            **Plaintiff,**<br><br>      v.<br><br>**BONAN HUANG, et al.**<br><br>            **Defendants.** | Case No.  2:15-cv-00269-MAK |

### SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS

Plaintiff Securities and Exchange Commission moves this Court to sanction defendants for their failure to comply with the Court's orders and respectfully requests that the Court:  (1) deem defendants to have asserted their Fifth Amendment rights against self-incrimination in refusing to answer any question the Commission could have posed to them at a deposition; and (2) preclude defendants from offering any evidence in this matter.

Pursuant to Federal Rule of Civil Procedure 37(b)(2), this Court can and should sanction defendants for their continued refusal to submit to deposition in violation of this Court's orders. "'[D]iscovery orders are meant to be followed,' and imposition of the harshest possible sanction in cases where they are not serves as both a penalty and as a deterrent."  In re Sumitomo Copper Litig., 204 F.R.D. 58, 60 (S.D.N.Y. 2001) (quoting Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 853 (2d Cir.1995) and citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).  With limited exception, defendants invoked their Fifth Amendment rights and refused to respond substantively to any of the Commission's interrogatories and requests for admission.  The Commission, accordingly, is simply requesting that this Court place

the parties in as close a position as possible had the defendants obeyed this Court's orders and sat for deposition.

**FACTS**

Since January 2015, the Commission has sought to depose defendants multiple times. On January 23, 2015, the Commission first noticed defendants' depositions for January 29 and 30. September 1, 2015 Declaration of Christopher R. Kelly ("Sept. 1 Kelly Declaration") [ECF Doc. No. 36-3] Exs. E-F [ECF Doc. Nos. 36-8 to 36-9]. In response, defendants' counsel informed the Commission that defendants had left the United States and did not intend to return given their fear of arrest. Given this, the Commission agreed at that time temporarily to continue the depositions. Sept. 1 Kelly Decl. ¶ 10.

Then, on June 25, 2015, the Commission re-noticed defendants' depositions for July 29 and 30. Sept. 1 Kelly Decl. Ex. S [ECF Doc. No. 36-22]. This time defendants' counsel requested that the depositions be rescheduled in August. The Commission accommodated this request and rescheduled defendants' depositions for August 6, 2015. Sept. 1 Kelly Decl. ¶ 22 and Ex. T [ECF Doc. No. 36-23]. However, in the days leading up to August 6, 2015, defendants filed a motion for a protective order [ECF Doc No. 31]. On August 6, 2015, following a telephone conference with the parties, the Court issued an order stating that: "the parties shall continue acting in good faith to depose the two Defendants and two spouse witnesses presently believed to be in China to be deposed in person at Plaintiff's request at a mutually agreeable location on or before **September 4, 2015** . . . ." Aug. 6 Order [ECF Doc. No. 33]. Notwithstanding their obligations under the August 6 Order, defendants refused to travel to any country to sit for deposition, thereby violating the Order. Sept. 1 Kelly Decl. Ex. AA [ECF Doc. No. 36-30].

Accordingly, on September 1, 2015, the Commission moved to compel defendants to sit for their depositions in accordance with the terms of the August 6 Order. This Court granted the Commission's motion in this regard and entered an Order on September 2, 2015 ("September 2 Order"), stating, in relevant part, "[o]n or before September 16, 2015, Defendants shall appear for a properly noticed deposition in any lawful venue." Sept. 2, 2015 Order [ECF Doc. No. 40] ¶ 1. On September 4, 2015, the Commission staff noticed defendants' depositions in Hong Kong. October 8, 2015 Declaration of Christopher R. Kelly ("Oct. 8 Kelly Decl.") Exs. A-B. Under the terms of the Court's September 2 Order, defendants were obligated to show up for the depositions. Nevertheless, defendants continued in their refusal to submit themselves to deposition, and thereby also violated the September 2 Order. Oct. 8 Kelly Decl. ¶ 4 and Ex. C.

## ARGUMENT

Defendants should be sanctioned for their failure to comply with the Court's orders. Under Federal Rule of Civil Procedure ("Rule") 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under . . . Rule . . . 37(a), the court where the action is pending may issue further just orders," which may include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). The terms of the Court's September 2 Order clearly and unambiguously provide that, "[o]n or before September 16, 2015, Defendants shall appear for a properly noticed deposition in any lawful venue." Sept. 2, 2015 Order ¶ 1. The defendants made the voluntary decision to violate the Court's September 2 Order by refusing to sit for deposition. The question is not whether sanctions are appropriate. It is what level of sanctions should be imposed.

The Court has broad discretion to sanction violations of discovery orders. "'[D]iscovery orders are meant to be followed,' and imposition of the harshest possible sanction in cases where

3

they are not serves as both a penalty and as a deterrent." Sumitomo, 204 F.R.D. at 60 (quoting Bambu Sales, 58 F.3d at 853 and citing Metro. Hockey Club, 427 U.S. at 643). Indeed, many courts have defaulted parties in similar situations. See, e.g., SEC v. Razmilovic, 738 F.3d 14, 24-27 (2d Cir. 2013) (upholding default based on defendants' refusal to appear for his deposition in violation of court order); SEC v. Setteducate, 419 Fed. Appx. 23, 25 (2d Cir. 2011) (entering default based on defendant's refusal to comply with discovery orders, including repeated refusal to sit for deposition); Coastal Mart, Inc. v. Johnson Auto Repair, Inc., 196 F.R.D. 30, 33-35 (E.D. Pa. 2000) (entering default based on defendants' refusal to comply with discovery orders, including repeated refusal to sit for deposition); Clay v. City of Detroit, No. 07–14634, 2009 WL 1508417, at *1 (E.D. Mich. May 28, 2009) (entering default based on defendants' repeated refusal to sit for depositions in violation of court order); Sumitomo, 204 F.R.D. at 60 (entering default based on defendant's refusal to sit for deposition in violation of court order).

While default is appropriate, the Commission, through this motion for sanctions, only seeks a remedy that places defendants in the same position they would have been had they appeared and testified. Accordingly, the Commission respectfully requests that this Court enter an order: (1) deeming defendants, in refusing to sit for deposition, to have asserted their Fifth Amendment rights against self-incrimination; and (2) precluding defendants from offering any evidence in this matter.

Aside from one, distinguishable exception,[1] defendants asserted their Fifth Amendment rights and refused to provide substantive answers or admissions in response to each and every

---

[1] Although defendants did provide substantive answers in response to Interrogatory Nos. 5 and 6 of the Commission's Second Set of Interrogatories, as modified by the Court in its September 2 Order, the Commission first moved to compel defendants' answers and the Court's Order specifically provided that defendants shall answer such interrogatories "without waiving any privilege or admitting possession or access to information . . . ." Sept. 2 Order ¶ 2.

4

interrogatory and request for admission the Commission served in this action. Oct. 8 Kelly Decl. ¶ 5. Defendants even asserted their Fifth Amendment rights in connection with their initial disclosures pursuant to Federal Rule of Civil Procedure 23(a) and in refusing to answer the Commission's allegations regarding their names, ages, residences, and work histories. Id. Ex. D; Ans. [ECF Doc. Nos. 15 and 16] ¶¶ 11-12. Thus, it is appropriate to deem defendants to have asserted their Fifth Amendment rights in refusing to answer any question the Commission could have asked had defendants sat for the deposition as ordered by the Court. Under the circumstances, it also is appropriate to preclude defendants from offering evidence or testimony in the future. See United States v. Premises Known as 1625 S. Delaware Avenue, Philadelphia, PA, CIV. A. No. 86–5977, 1989 WL 29271, at *1 (E.D. Pa. March 29, 1989) (precluding claimants from offering any testimony on all matters where they indicated they would assert Fifth Amendment in response to deposition questions); Goodman v. DeAzoulay, 539 F. Supp. 10, 16 (E.D. Pa. 1981) ("By Order dated November 16, 1981, the court granted plaintiffs' motions for sanctions and precluded [defendant] from introducing any evidence at trial relating to matters as to which he invoked the Fifth Amendment.").

In Premises Known as 1625 S. Delaware Avenue, the government sought to depose two claimants in a civil forfeiture action. Both claimants informed the government that they would exercise their privilege against self-incrimination to all questions asked of them except those regarding their names, their addresses, and whether they are record owners of the defendant property. 1989 WL 29271, at *1. The government filed a motion for sanctions, seeking to bar claimants from testifying at trial and admitting into evidence the fact that during discovery both claimants invoked their Fifth Amendment rights. Id. The Court granted the motion, reasoning that "it would be inappropriate and, indeed, prejudicial to the government to allow [claimants] to

testify at trial" with respect to those issues to which they asserted their Fifth Amendment rights. Id.  The Court also allowed the government to admit into evidence the fact that claimants exercised their Fifth Amendment rights against self-incrimination.  Id. ("[T]he claimants' silence in the face of accusation is a relevant fact not barred from admission into evidence at trial.") (citing Baxter v. Palmigiano, 425 U.S. 308, 320 (1976)).

      The Commission's proposed relief does not cure all of the prejudice caused by defendants' violations of this Court's discovery orders.  Specifically, the Commission will not have a videotaped deposition for use at the summary judgment stage or at trial.  Nor will the Commission have the ability to move to compel defendants to answer questions for which they may have inappropriately asserted their Fifth Amendment rights.  However, this proposed remedy would alleviate some of the prejudice that the Commission has suffered based on defendants' refusal to sit for deposition, and would place the parties in as close a position as possible had defendants actually sat for deposition as they had been ordered to do.

**CONCLUSION**

For all the foregoing reasons, the Commission respectfully requests that this Court: (1) deem defendants to have asserted their Fifth Amendment rights against self-incrimination in refusing to answer any question the Commission could have posed to them at a deposition; and (2) preclude defendants from offering any evidence in this matter.

Dated:  October 8, 2015                                        Respectfully submitted,

                                                         BY: /s/ Christopher R. Kelly
                                                            David L. Axelrod
                                                            Christopher R. Kelly
                                                            Securities and Exchange Commission
                                                            Philadelphia Regional Office
                                                            1617 JFK Boulevard, Suite 520
                                                            Philadelphia, PA 19103
                                                            Telephone: (215) 597-3100
                                                            Facsimile: (215) 597-2740