IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-v-<br><br>BONAN HUANG, et al.,<br><br>Defendants. | Case No. 2:15-cv-00269-MAK |

**DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM
REFERING TO DEFENDANTS' RETURN TO CHINA AS "FLIGHT"
AND REQUEST TO DENY ANY JURY INSTRUCTION ON THIS ISSUE**

Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") has indicated its intention to argue during trial that Defendants Nan and Bonan Huang "fled" to China to avoid facing the civil claims in this case and that their "flight" evidences their consciousness of guilt or liability.  As a threshold matter, the SEC is wrong.  As an evidentiary matter, the SEC has no factual basis and has proffered no evidence to support the inference that Defendants returned to their homeland of China for any reason other than the truth: that they were no longer in compliance with the terms of their work visas and thus were required to return to China to find legal, gainful employment.

Without evidence to the contrary, the SEC should not be permitted to argue at trial that Defendants fled the jurisdiction like common fugitives.  To permit such argument would be unfairly prejudicial under Federal Rule of Evidence 403.  Accordingly, Defendants respectfully request that the Court preclude Plaintiff from referring to or characterizing Defendants' return to China as "flight" evidencing consciousness of guilt or liability and further decline to instruct the jury on this issue.

## I. Background

Defendants Nan and Bonan Huang came to the United States from China on work visas. From approximately January 2012 through January 2015, Defendants worked for Capital One, which employment specifically premised their authorized presence in the United States. Defendants' employment with Capital One was terminated on January 16, 2015. Knowing that their employment with Capital One provided the basis for their work visas and that they would likely not be permitted to lawfully remain in the United States absent this employment, Defendants sought to return to their homes in China. Nan Huang purchased a one-way ticket to Beijing the very day that he was terminated by Capital One and he left for China the following day. About a week later, Bonan Huang purchased a one-way ticket to Beijing on January 22, 2015 and left promptly.

The SEC filed its Complaint against Defendants on January 21, 2015—*after* Nan Huang had already returned to China—and served Bonan Huang on January 22, 2015, the same day he purchased his return ticket. Without more, neither the SEC nor the jury can properly infer that Defendants' return to China reflects their consciousness of guilt or liability. The SEC has no documents and no potential witnesses who can offer evidence of Defendants' motives in returning to their home country, and Defendants do not believe the SEC can conjure up any such evidence.[1]

Despite its lack of evidence, the SEC made clear in its Motion for Summary Judgement and its Proposed Jury Instructions that it intends to argue that Defendants' return to China was an act of flight evidencing their consciousness of guilt. *See* Dkt. Nos. 57, 65. Defendants, in turn,

---

[1] Defendants have asked the SEC whether it intends to offer testimony or other evidence in support of its argument and, if so, what that evidence might be. The SEC has not yet responded.

object to the inclusion of this jury instruction in their objections filed concurrently with this motion.

II.  **Argument**: **The SEC's Evidence Cannot Support an Inference of Flight Reflecting Consciousness of Guilt or Liability and is Unfairly Prejudicial under FRE 403**

There is no question that the Third Circuit allows for the view that a defendant's "flight" may be an admission by conduct that expresses evidence of guilt. *See United States v. Miles*, 468 F.2d 482, 489 (3d Cir. 1972) (affirming admission of evidence and jury instruction regarding defendants' flight where conduct involving getaway cars and aliases supported required inferences). However, the probative value of this evidence is subject to analysis under Federal Rule of Evidence 403. *Id*. The probative value of a defendant's departure depends on "whether there is sufficient evidence to establish the following four inferences: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the [conduct] charged; and (4) from consciousness of guilt concerning the [conduct] charged to the actual guilt of the [conduct] charged." *United States v. Scarfo*, 711 F. Supp. 1315, 1321 (E.D. Pa. 1989) (citations omitted).

The SEC has not offered—and cannot offer—evidence to support *any* of these inferences. With regard to the first inference—from the defendant's behavior to flight—the SEC cannot offer evidence that Defendants' return to their home country constituted flight from potential punishment relating to this case. Defendant Nan Huang returned to China *before* the SEC filed its Complaint for reasons dictated by his work visa. Defendant Bonan Huang purchased his airline ticket to China on the day he was served with the Complaint; however, the SEC has not offered evidence of whether Bonan Huang purchased his ticket prior to service or after. Conversely, the known facts support the inference that Bonan—like Nan—intended to return to China for reasons dictated by his work visa and merely delayed purchasing his ticket for a week.

Moreover, the SEC cannot argue that Defendants' termination from Capital One gave them reason to flee; the Capital One employee responsible for communicating Defendants' terminations testified during his deposition that he did not tell Defendants the precise reason or conduct for which they were being fired.  This Capital One employee testified that, in response to questions from Defendants about why they were being terminated, he responded that they had "breached our code of conduct policies" and "were being terminated for that."  Brooks Dep. Tr. at 53:7-54:24 (submitted in connection with Defendants' Opposition to Plaintiff's Motion for Summary Judgement, Dkt. No. 62).  These facts support Defendants' contention that they returned to China because they were out of work and no longer in compliance with the terms of their work visas.  Without substantially more, the SEC cannot fairly ask a jury to infer otherwise.

      Without the ability to establish the first required inference, the SEC certainly cannot establish the second, third, and fourth waterfall inferences.  However, Defendants address them here to be clear.  The second required inference—from flight to consciousness of guilt—cannot be established any more surely.  As noted above, Defendants were not informed of the specific reason they were fired from Capital One.  Nor were they on notice of any investigation by regulatory or criminal authorities.  Without evidence of direct knowledge of the reason for their termination or that their specific conduct was being investigated,[2] the SEC cannot infer that Defendants' return to China evidences consciousness of guilt.

---

[2]  As noted above, Nan Huang returned to China nearly one week before the SEC filed its Complaint and therefore cannot have been on notice that his conduct may be the subject of a regulatory investigation.  Bonan Huang indeed purchased his return ticket on the day he was served with the Complaint; however, the SEC has offered no chronological or other evidence to support the inference that Bonan purchased his ticket because he received notice of the investigation or claims.  It is thus equally as likely that Bonan Huang—like his colleague Nan—planned to purchase a return ticket to China and simply waited to do so.

For similar reasons, the SEC cannot establish the third inference: from consciousness of guilt to consciousness of guilt concerning the conduct charged. Nan Huang returned to China before the SEC filed its Complaint; he therefore cannot be said to have evidenced consciousness of guilt about the conduct charged in connection with his return to China—he had no idea what these civil claims would be or, indeed, that any claims were forthcoming at all. As noted above, Bonan Huang is similarly situated—there is no proof that he was aware that the SEC filed its Complaint before he purchased his ticket to China. However, assuming for argument's sake that Bonan Huang learned of the claims before he purchased his ticket the same day, these circumstances—without more—are still insufficient to demonstrate that he "fled" the country to escape charges. Indeed, he has not escaped any charges. He is facing the SEC's claims and continues to appear through counsel to dispute them.

Finally, because the SEC cannot establish even the first inference—that Defendants' return to China constituted "flight"—the SEC certainly cannot make the extraordinary leap required for the fourth inference: consciousness of guilt concerning the conduct charged to the actual guilt of the conduct charged. In the case of Nan Huang, the objective facts show that he did not know that charges were forthcoming or what they would be at the time he travelled home to China shortly after being fired from his job. The leap to an inference of actual guilt is a leap too far. For Bonan, too, the fourth inference requires too great a leap to support the consciousness of guilt argument when it is undisputed that his work visa was predicated on his employment with Capital One that he lost when he was terminated. Moreover, even assuming for sake of argument that the SEC could offer evidence that Bonan Huang knew of the claims, there is simply no basis to conclude that it was the actual lawsuit that motivated his return to China.

Given that the SEC cannot establish any of the inferences required to demonstrate the probative value of Defendants' return to China, the Court must consider even more carefully the unfair prejudice caused by referring to Defendants' return as "flight" and instructing the jury on this issue.  Absent any probative value, the characterization of Defendants' return as "flight" can *only* be prejudicial.  Though Defendants have continued to appear through their counsel to contest the SEC's claims in this case, there is a significant risk that jurors may unfairly and inaccurately infer that Defendants are avoiding potential punishment associated with this case by not appearing in person.  Moreover, because Defendants are Chinese nationals who returned to their home country, there remains the unfortunate potential for hidden racial or ethnic bias among jurors.  In a different case, these risks may be outweighed if the SEC could establish the inferences necessary to demonstrate the probative value of Defendants' return to China; but here it cannot come close.  Therefore, the risk for unfair prejudice is a real concern and must be given more significant weight.

Further, permitting the SEC to unfairly characterize Defendants' return to China will cause Defendants to rebut this characterization in what amounts to a mini-trial on a collateral issue.  This mini-trial could involve evidence concerning immigration law, requirements and obligations under work visas, and the piecing together of minute chronological timing concerning when Bonan Huang learned of the SEC's lawsuit relative to when he purchased his return ticket to China the same day.  By permitting the SEC to argue that Defendants' return to China is "flight" evidencing consciousness of guilt, the jury will be forced to hear an overabundance of tangential, collateral and irrelevant issues that will undoubtedly confuse its consideration of the true issues in this case. There would be extra trial time that the jurors would have to endure and ultimately, should this characterization be permitted, Defendants will be

unfairly prejudiced by wasting time and resources defending a collateral issue that is not dispositive and, ultimately, not even persuasive.

Because the SEC cannot establish the four inferences required to admit evidence of flight as consciousness of guilt and allowing such characterization of Defendants return to China would cause unfair prejudice, Defendants request that the Court preclude the SEC from referencing "flight" or characterizing Defendants' return to China in this fashion, and further requests that the Court refuse to instruct the jury on consciousness of guilt.  *See United States v. Rothberg*, 896 F. Supp. 450, 456 (E.D. Pa. 1995) (jury instructions regarding this evidence may not be required).  Let the SEC simply prove its case on the merits rather than leaning on the crutch of unwarranted inference.

### III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court preclude the SEC from referencing or otherwise characterizing Defendants' return to China as flight evidencing consciousness of guilt or liability and decline to instruct the jury on this issue.  Given the SEC's stated intention to pursue this line, we also respectfully request that the Court instruct the jurors that they should not take into account during their deliberations Defendants' absence from the courtroom.

Dated: New York, New York
November 20, 2015

    Morvillo LLP

    /s/ Eugene Ingoglia
    Gregory Morvillo
    Eugene Ingoglia
    Jason Somensatto
    200 Liberty Street, 27th Floor
    New York, New York 10281
    Tel: 212-796-6330
    eingoglia@morvillolaw.com

Mark Billion
Billion Law
1 International Plaza, Suite 550
Philadelphia, Pennsylvania 19113
Tel: 212-268-7722
markbillion@billionalaw.com

*Attorneys for Defendants*
*Bonan and Nan Huang*

## CERTIFICATE OF SERVICE

I certify that on November 20, 2015, I served a true and correct copy of the foregoing document via the Court's electronic case filing system on the following:

>Christopher Kelly
>Securities and Exchange Commission
>One Penn Center
>1617 JFK Blvd, Suite 520
>Philadelphia, PA 19103
>(215) 597-3100

/s/ Eugene Ingoglia
Eugene Ingoglia