IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | : | CIVIL ACTION |
| v. | : : : | NO. 15-269 |
| BONAN HUANG, et al. | : | |

# ORDER-MEMORANDUM

**AND NOW**, this 23rd day of November, upon consideration of Defendants' Motion to preclude Stephen Graham's expert testimony (ECF Doc. No. 56), Plaintiff's Opposition (ECF Doc. No. 61), Plaintiff's Motion to preclude Torben Voetmann's expert testimony (ECF Doc. No. 73) and as neither party asked for an evidentiary hearing on their motions, it is **ORDERED** both Motions (ECF Doc Nos. 56, 73) are **DENIED** and witnesses Graham and Veotmann may provide expert testimony consistent with their proffered reports subject to fulsome cross-examination at trial.

*Analysis*

Plaintiff Securities and Exchange Commission ("Commission") claims Defendants Bonan Huang and Nan Huang ("Huang") misappropriated material sales revenue information from their employer Capital One concerning retailers accepting Capital One credit cards and then unlawfully traded retailers' stock based on this sales revenue information. The key issue is whether Huang's information is material. Materiality is a mixed question of fact and law "and the delicate assessments of the inferences a reasonable shareholder would draw from a given set of facts are peculiarly for the trier of fact. *United States v. Schiff*, 60 F.3d 152, 171 (3d Cir. 2010)(quoting *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 281 n.11 (3d Cir. 1992), citing *TSC*

*Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 450 (1976)). Federal Rule of Evidence 702 governs the admissibility of expert testimony. "Admissible expert testimony must meet three requirements pursuant to Rule 702: qualification, reliability, and fit. *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 741-43 (3d Cir. 1994). Both parties move to preclude expert opinion arguing unreliability and fit. Both sides highlight alleged shortcomings. We are guided by our Court of Appeals' direction "[a]s long as an expert's scientific testimony rests upon 'good grounds, based on what is known,' it should be tested by the adversary process – competing expert testimony and active cross-examination – rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." *Dalton v. McCourt Electric LLC,* No. 12-3568, 2015 WL 4086668, *8 (E.D.Pa. July 7, 2015)(quoting *United States v. Mitchell,* 365 F.3d 215, 244 (3d Cir. 2004)).

Huang claims Stephen Graham's opinion is unreliable and does not fit this case because he fails to consider other factors for a price change in any retail stock purchased by them allegedly based on insider information learned while working at Capital One. Huang also argues Mr. Graham's October 16 rebuttal report is untimely. We find Mr. Graham's testimony to be admissible at trial subject to fulsome cross-examination consistent with his proffered report. Reliability is not based on the expert's conclusions but rather his methodology. *In re Paoli,* 35 F.3d at 746. Showing reliability is not a high burden and Mr. Graham uses recognized statistical formulations to reach his conclusions. We also find Mr. Graham's opinion and analysis fit the issues as they relate directly to materiality. While Huang argues the Court of Appeals' analysis in *United States v. Schiff,* 602 F.3d 152 (3d Cir. 2010), precludes Mr. Graham's testimony, we find this case factually distinguishable. In *Schiff,* the proffered expert sought to show price impact. Mr. Graham endeavors to show a correlation between the

2

transaction data and the relevant companies' quarterly revenue. Huang's challenges to Mr. Graham's conclusions and factors not considered are subject to vigorous cross-examination and a jury's credibility determination. *Keller v. Feasterville Family Health Cntr.*, 557 F. Supp. 2d 671, 676 (E.D. Pa. 2008) (citing *United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004)). Because we find Mr. Graham's testimony rests on "good grounds", he may testify subject to the adversary process. *Id.* As the Commission timely submitted Mr. Graham's supplemental or rebuttal expert report before the close of discovery under our scheduling order, we find his opinions are timely disclosed and provide Huang ample time to prepare for trial.

In response, the Commission moves to preclude Dr. Torben Voetmann's expert opinions as irrelevant and unfairly prejudicial, having missed the deadline for filing *Daubert* motions. Regardless of its timing, the Commission challenges Dr. Voetmann's opinions as having no bearing on this case because he did not evaluate Huang's conduct or rebut Mr. Graham who allegedly performed a different analysis. Given the liberal policy of admissibility and Dr. Voetmann's testimony has the potential of assisting the trier of fact subject to fulsome cross-examination, we also leave these credibility determinations to the jury.

KEARNEY, J.