IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>BONAN HUANG, et al.<br><br>Defendants. | Case No. 2:15-cv-00269-MAK |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF FLIGHT**

Defendants Bonan Huang and Nan Huang contend that the Securities and Exchange Commission should be precluded from introducing into evidence the fact that both defendants fled to China almost immediately after they were caught stealing Capital One's data and using it to commit insider trading. Defendants' motion overlooks the fact that their flight is highly probative of consciousness of guilt and scienter and that this type of evidence is uniformly admissible in the Third Circuit.

**I.     BACKGROUND**

From 2012 to 2015, defendants Bonan Huang and Nan Huang used their positions at Capital One to steal data from Capital One's credit card transaction database and use it to make thousands of unlawful trades. 0047a; 0090a.[1] On January 16, 2015, Capital One fired both defendants for violating Capital One's policies. 0003a. Almost immediately thereafter, Nan Huang booked a one-way flight from Washington, D.C. to Beijing, China, leaving the next day. 0516a; Declaration of Christopher R. Kelly ("Kelly Decl.") Ex. A. Since he left for China on

---

[1] All cites to _____a are references to the Appendix filed in connection with the Commission's motion for summary judgment [ECF Doc. Nos. 57-3-57-12].

January 17, 2015, Nan Huang has refused to return to the United States, or appear anywhere for a deposition, citing concerns that he would be arrested for the same conduct alleged in the Complaint. Defs. Mot. for Protective Order (ECF Doc. No. 31) at 1.

Four days later, on January 21, 2015, the Commission filed this action. Compl. (ECF Doc. No. 1). The next day, on January 22, 2015, the Commission served Bonan Huang with a copy of the Complaint and accompanying papers. Bonan Huang Summons (ECF Doc No. 13). That same day, Bonan Huang bought a one-way ticket to China and left that afternoon. 0520a; Kelly Decl. Ex. B. Since he left for China on January 22, 2015, Bonan Huang has refused to return to the United States, or appear anywhere for a deposition, citing concerns that he would be arrested for the same conduct alleged in the Complaint. Defs. Mot. for Protective Order (ECF Doc. No. 31) at 1.

## II. THE PROBATIVE VALUE OF DEFENDANTS' FLIGHT SUBSTANTIALLY OUTWEIGHS DEFENDANTS' VAGUE CLAIMS OF UNFAIR PREJUDICE

The evidence demonstrates that almost immediately after Nan Huang and Bonan Huang realized their insider trading scheme had been detected they both fled the country to escape liability. This evidence is critical to showing both defendants' consciousness of guilt and their scienter, and there is no reason to exclude it.

Evidence is relevant when it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "However, there is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be 'substantially outweighed' by the problems

in admitting it.  As a result, evidence that is highly probative is exceptionally difficult to exclude."  Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002).

As the Third Circuit has explained, "[i]t must always be remembered that *unfair* prejudice is what Rule 403 is meant to guard against, that is, prejudice 'based on something other than [the evidence's] persuasive weight.'"  United States v. Bergrin, 682 F.3d 261, 279 (3d Cir. 2012) (citation omitted); see also United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009) ("[U]nfair prejudice does not simply mean damage to the opponent's cause.").  Consequently, "[a]s Rule 403 clarifies, a party is not protected from all prejudice — only unfair prejudice."  United States v. Cunningham, 694 F.3d 372, 390 (3d Cir. 2012).

### A. Defendants' Flight Has Substantial Probative Value.

Evidence of defendants' flight has great probative value because it establishes defendants' consciousness of guilt and scienter.  Flight is probative of consciousness of guilt.  United States v. Pungitore, 910 F.2d 1084, 1151 (3d Cir. 1990).  Indeed, in the Third Circuit, "[i]t is well established that evidence of flight is admissible as evidence of consciousness of guilt."  United States v. Fisher, 306 Fed. Appx. 733, 735 (3d Cir. 2009).  See also United States v. Heath, 456 Fed. Appx. 102, 104 (3d Cir. 2011) (affirming district court's admission of flight as consciousness of guilt where district court found that majority of prejudice "did not qualify as unfair"); United States v. Katzin, 94 Fed. Appx. 134, 138 (3d Cir. 2004) ("We have consistently held that evidence of a defendant's flight after a crime has been committed is admissible to prove the defendant's consciousness of guilt.") (internal quotation marks omitted); United States v. Green, 25 F.3d 206, 210 (3d Cir. 1994) (same); United States v. Terry, Nos. CRIM.A. 92–119–07, 1997 WL 438831, at *4 (E.D. Pa. 1997) ("Flight evidence is admissible either as circumstantial evidence of guilt, or as proof of consciousness of guilt.").

3

Evidence of defendants' flight is also probative of their scienter. To prevail, the Commission must prove that defendants possessed scienter. SEC v. Infinity Group Co., 212 F.3d 180, 191-92 (3d Cir. 2000) (citations omitted). "Scienter is 'a mental state embracing intent to deceive, manipulate or defraud.'" Id. (citing Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193 n.12 (1976), and McLean v. Alexander, 599 F.2d 1190, 1197 (3d Cir. 1979)). "In the insider trading context, scienter may be inferred from circumstantial evidence because 'the specific facts are peculiarly within the knowledge of the defendants.'" SEC v. McGee, 895 F. Supp. 2d 669, 683 (E.D. Pa. 2012) (quoting SEC v. Aragon Capital Mgmt., LLC, No. 07–919, 2008 WL 216320, at *3 (S.D.N.Y. Jan. 16, 2008)). See also Herman & MacLean v. Huddleston, 459 U.S. 375, 390–91 n.30 (1983) (noting that "circumstantial evidence can be more than sufficient" to demonstrate scienter in securities fraud cases). Scienter can be demonstrated through acts to evade detection or liability, such as flight. For instance, in SEC v. Musella, 748 F. Supp. 1028, 1040 (S.D.N.Y. 1989), the court admitted into evidence the lies defendant told an SEC investigator as evidence of scienter.

Defendants fail to cite any case where evidence of flight was excluded. This is not surprising. Indeed, the Commission could not find any case in the Third Circuit case where the district court precluded the admission of evidence of flight to establish consciousness of guilt. Instead, defendants cite United States v. Scarfo, 711 F. Supp. 1315, 1321 (E.D. Pa. 1989), for the proposition that the evidence of flight here has no probative value. Defs.' MIL at 3. As an initial matter, it does not appear that this "test" has been applied by any other district or appellate panel in the Third Circuit. Indeed, courts in the Third Circuit apply Rule 403 to determine the admissibility of consciousness of guilt evidence. See, e.g., Heath, 456 Fed. Appx. at 104. In any event, the facts here satisfy the Scarfo test.

4

The timing of defendants' flight suggests that discovery of their unlawful conduct was their motivating factor. On January 16, 2015, Capital One told defendants they were being terminated for violating Capital One policies and demanded that defendants turn in their work-issued phones and laptops. Nan Huang immediately purchased an airplane ticket to China and fled the United States the next day. A week later, Bonan Huang purchased an airplane ticket and fled the United States the very same day he was served the complaint in this case. The critically important timing of defendants' flight satisfies each of the Scarfo "inferences."

Defendants' argument that the Scarfo is not satisfied because defendants did not know the SEC was investigating or that a civil suit was forthcoming is of no moment. Defs.' MIL at 5. For flight evidence to be admissible, it is not necessary that an actual indictment or complaint trigger flight. Scarfo, 711 F. Supp. at 1321. Knowledge of an investigation is alone sufficient to support admission of flight evidence. Id. (citing United States v. Tille, 729 F.2d 615, 622 (9th Cir. 1984) (knowledge of cooperation of a codefendant); United States v. Eggleton, 799 F.2d 378, 381 (8th Cir. 1986) (reason to believe one is sought for commission of crimes)). Here, the proximity between Nan Huang's termination for violating Capital One's procedures and his departure, and the Commission's service of the Complaint and Bonan Huang's departure, the inference that defendants' fled because of the conduct at issue in this case is satisfied. Again, defendants cite no case where this evidence has been excluded.

Defendants also argue that evidence of defendants' flight has no probative value because they actually returned to China because of immigration reasons. There are three problems with this argument. First, defendants' claim that there was a legitimate reason for their rapid departure does not mean that the jury cannot hear the facts and determine whether this evidence demonstrates defendants' consciousness of guilt. See Scarfo, 711 F. Supp. at 1322. As in any

5

trial, defendants have the ability to present evidence, consistent with the Federal Rules of Civil Procedure and Federal Rules of Evidence, that they believe will rebut the permissible inference that defendants fled to avoid liability. Second, there is no evidence that defendants immediately returned to China because of immigration reasons.[2] As the Court is well aware, defendants' have asserted the Fifth Amendment in response to almost every discovery request (interrogatory, admission, etc.) and refused to sit for a deposition. Indeed, during discovery, the Commission submitted the following requests for admissions to Nan Huang:

> 653. You were terminated by Capital One on January 16, 2015.
>
> 654. On January 17, 2015, you boarded a flight from Washington Dulles International Airport with the ultimate destination of Beijing, China.
>
> 655. On January 22, 2015, Bonan Huang boarded a flight from Washington Dulles International Airport with the ultimate destination of Beijing, China.
>
> 656. You fled to China because your securities trading activities violated the federal securities laws.

Kelly Decl. Ex. C. Nan Huang responded that he "asserts the right afforded to him under the United States Constitution not to be a witness against himself." Kelly Decl. Ex. D. The Commission submitted substantially the same requests to Bonan Huang. Kelly Decl. Ex. E. He too asserted the Fifth Amendment and refused to respond. Kelly Decl. Ex. F. As defendants will not be testifying at trial it is difficult to see how they can plausibly support this contention. Thus, their assertion that defendants' flight was actually immigration-driven is unsupported and unsupportable.

---

[2] Defendants baldly claim: "Knowing their employment with Capital One provided the basis for their work visas and that they would likely not be permitted to lawfully remain in the United States absent this employment, Defendants sought to return to their homes in China." Defs.' MIL at 2. This contention is not supported by any admissible evidence. Indeed, defendants do not cite any evidence in their motion or attach any exhibits supporting this contention.

Third, defendants waived their opportunity to develop evidence supporting the contention that defendants' flight was immigration-driven. Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, defendants were required to provide "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." Instead of identifying anyone who would testify about defendants' immigration status or identifying any documents that would support this position, defendants asserted the Fifth Amendment. Kelly Decl. Ex. G. For this reason, defendants' contention that admitting evidence of flight will necessitate a "mini-trial on a collateral issue" is little more than a red herring. Defs.' MIL at 6.

### B. Defendants Fail to Demonstrate Any Unfair Prejudice.

Defendants will not be unfairly prejudiced by admitting evidence of their flight. To the extent that defendants even attempt to discuss unfair prejudice it appears to be an afterthought. Defendants offhandedly suggest that admission of defendants' flight to China will be unfair because: (1) "jurors may unfairly and inaccurately infer that Defendants are avoiding potential punishment associated with this case by not appearing in person;" and (2) "there remains the unfortunate potential for hidden racial or ethnic bias among jurors." Defs.' MIL at 6.

These arguments are not persuasive. To the extent defendants will be prejudiced by their absence at trial, this prejudice is fair because defendants have made the decision not to appear at trial. There is nothing preventing them from coming to the United States. And defendants have cited no law to the contrary.

Defendants' fears of unfair prejudice flowing from hidden bias are misplaced. The Court will presumably instruct the jury to "not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way." 3d Cir. Model (Civil) 3.1.

7

Jurors are presumed to follow the court's instructions. Penry v. Johnson, 532 U.S. 782, 789 (2001). Parties of different ethnicities and citizenships routinely proceed to trial in the Eastern District of Pennsylvania and receive a fair trial. There is no reason this case is any different.

Defendants struggle to describe any potential unfair prejudice because there is nothing unfair about the prejudice here. Defendants fled the country almost immediately upon realizing that their scheme had been detected. This evidence is a window into defendants' conscious and to the extent it hurts defendants' case the prejudice is fair.

Finally, to the extent that defendants are truly worried about "*unfair prejudice*" rather than the *fair harm* to their case, the Court can negate the danger of unfair prejudice through a proper jury instruction. This Third Circuit model instruction informs the jury:

> If you believe that (name of defendant) (describe the conduct proven), then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that (he)(she) committed the crime charged. This conduct may indicate that (he)(she) thought (he)(she) was guilty of the crime charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may (describe the conduct proven) for some other reason. Whether or not this evidence causes you to find that the defendant was conscious of (his)(her) guilt of the crime charged, and whether that indicates that (he)(she) committed the crime charged, is entirely up to you as the sole judges of the facts.

3d Cir. Model (Criminal) 4.30. See also United States v. Miles, 468 F.2d 482, 489-90 (3d Cir. 1972) (holding flight instruction was proper where court instructed the jury "Whether or not evidence of flights or concealment shows a consciousness of guilt, and the significance if any to be attached to such a circumstance, are matters for determination by you, the jury"). A proper instruction will ensure that the jury appropriately considers the evidence of defendants' flight.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion in limine should be denied.

Dated: November 30, 2015                    Respectfully Submitted,


/s/ Christopher R. Kelly
David L. Axelrod
Christopher R. Kelly

Attorneys for Plaintiff:

SECURITIES AND EXCHANGE
COMMISSION
Philadelphia Regional Office
One Penn Center
1617 JFK Blvd., Suite 520
Philadelphia, PA 19103
Telephone: (215) 597-3100