**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** | **Case No. 2:15-cv-00269-MAK** |
| **Plaintiff,** | |
| **v.** | |
| **BONAN HUANG, et al.** | |
| **Defendants.** | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE
TO DEFENDANTS' OBJECTION TO PROPOSED JURY INSTRUCTIONS**

Plaintiff Securities and Exchange Commission submits this response to defendants' objections to the Commission's proposed jury instructions. On November 12, 2015, the parties submitted their proposed jury instructions. The Commission submitted a fulsome set of jury instructions pertaining to the issues in this case. ECF Doc. No. 65. Defendants solely submitted a proposed jury instruction regarding materiality. ECF Doc. No. 67.

**Response to Defendants' Objection to Preliminary Instruction No. 2 – Description of Case:**

Defendants' objections to this instruction are baseless. As a general matter, the description of the elements comes directly from United States v. McGee and SEC v. Obus (see Commission's Proposed Final Instruction No. 10). It properly states the elements the Commission must prove. Defendants' citation to United States v. Schiff, 602 F.3d 152, 171 (3d Cir. 2010), does not support their contention that "nonpublic" and "materiality" should be considered as separate elements. Additionally, defendants are incorrect that, in order for the jury to find that defendants violated Section 10(b) of the Securities and Exchange Act of 1934 and

Rule 10b-5 thereunder, the Commission must prove the elements of insider trading as to each and every securities transaction at issue in this case.

**Response to Defendants' Objection to Preliminary Instruction No. 5 – Description of Trial Proceedings:**

The Commission's proposed instruction tracks the Third Circuit Model instruction. See 3d Cir. Model (civil) § 1.12. There is no need to deviate from the model instruction.

**Response to Defendants' Objection to Final Instruction No. 3 – Charts and Summaries in Evidence:**

The Commission has no opposition to defendants' objection and proposed revision, assuming they present charts and summaries at trial.

**Response to Defendants' Objection to Final Instruction No. 4 – Opinion Testimony:**

The Commission's proposed instruction tracks the Third Circuit Model instruction, which provides that the jury may consider "any bias" an expert witness may have. See 3d Cir. Model (civil) § 2.11. There is no need to deviate from the model instruction.

**Response to Defendants' Objection to Final Instruction No. 5 – Inference From Assertion of Privilege Against Self-Incrimination:**

Defendants object to the language used in this instruction, its identification of specific issues to which the adverse inference may be used, and the "instruction that the jury can infer that Defendants' understood that their actions violated federal securities law . . . ." Defendants' objections are baseless for the following reasons.

First, the Commission's proposed instruction largely tracks Sand's Modern Federal Jury Instructions, including its use of the language "may tend to incriminate." See also Kastigar v. United States, 406 U.S. 441, 467 (1972) ("The Fifth Amendment gives a witness an absolute right to resist interrogation, if the testimony sought would *tend to incriminate* him.") (emphasis supplied); I.C.C. v. Gould, 629 F.2d 847, 861 (3d Cir. 1980) (holding that civil party could only

"claim Fifth Amendment protection" for evidence which he can demonstrate "might tend to incriminate him."). Strangely, defendants cite <u>RAD Servs. Inc. v. Aetna Casualty & Surety Co.</u>, 808 F.2d 271, 277 (3d Cir. 1986), which supports the Commission's proposed language. In that case, the Third Circuit affirmed the following adverse inference instruction:

> During the trial you also heard evidence by past or present employees of the plaintiff refusing to answer certain questions on the grounds that it may tend to incriminate them. A witness has a constitutional right to decline to answer on the grounds that it may tend to incriminate him. You may, but you need not, infer by such refusal that the answers would have been adverse to the plaintiff's interests.

This language is substantially similar to the language proposed by the Commission. Indeed, both instructions include the proposition that a person may refuse to answer a question on the grounds that an answer "may tend to incriminate them." Conversely, this looks nothing like defendants' proposed instruction, which omits this language completely.

Second, contrary to defendants' assertions, as demonstrated by the Commission's summary judgment motion and related filings, there is substantial evidence that defendants violated each and every insider trading element. The jury is entitled to draw adverse inferences against defendants on each and every one of those elements. Additionally, the Commission's proposed instruction sets out specific issues where the adverse inference may be applied so as to streamline the process and simplify the matter for the jury. The Commission will admit into evidence defendants' Fifth Amendment assertions to documents requests, interrogatories, and requests for admissions. Defendants cite no law for their position that this is improper. Defendants did provide legal answers as to why they contend the Capital One transaction information was not "material" and "nonpublic." But this does not negate the fact they asserted the Fifth Amendment to every factual interrogatory and request for admission, including on the "material" and "nonpublic" nature of the information.

Third, there is nothing impermissible about an adverse inference as to defendant's understanding or knowledge that they were violating the federal securities laws.  Defendants cite no law for this proposition and are, in fact, incorrectly assert that "this is the ultimate issue in this case."  The ultimate issue in this case is whether defendants violated the federal securities laws.  To prove liability the Commission must establish that they possessed scienter.  Knowledge that conduct violated the federal securities laws is probative of a defendant's scienter.  Moreover, defendants cite no law for the proposition that an adverse inference on the ultimate issue is improper.

For these reasons the Court should use the Commission's proposed adverse inference instruction.

**Response to Defendants' Objection to Final Instruction No. 6 – The SEC's Allegations:**

The proposed instruction will accurately provide the jury background about what the case is about.  It tracks the Complaint, is not unfairly prejudicial, and instructs the jury that these are "allegations."

**Response to Defendants' Objection to Final Instruction No. 7 – Insider Trading Statutory Purpose:**

The proposed instruction largely tracks Sand's <u>Modern Federal Jury Instructions</u>.  Moreover, it will provide the jury background information it is unlikely to otherwise know.  This is not a contract or tort dispute:  conflicts that the general public understands and needs no background.  Rather, this is a case about a fairly specialized area of law.  This information will allow the jury to understand the legal violation alleged and why it matters.  There is nothing prejudicial about this instruction and a similar instruction has been given by other courts.

**Response to Defendants' Objection to Final Instruction No. 8 – Insider Trading, Securities Fraud:**

The proposed instruction accurately defines a violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j. It provides background information for understanding the action and is not prejudicial in any sense.

**Response to Defendants' Objection to Final Instruction No. 9 – Misappropriation Theory of Insider Trading:**

The proposed instruction was adapted from the jury charge in United States v. McGee, Case No. 12-236 (E.D. Pa.). It provides background information for understanding the action and is not prejudicial in any sense. It is also dissimilar from Preliminary Instruction No. 2, which describes the case.

**Response to Defendants' Objection to Final Instruction No. 10 – Elements of Liability for Insider Trading:**

As a general matter, the description of the elements the Commission must prove comes directly from United States v. McGee and SEC v. Obus. It properly states the elements the Commission must prove. It also tracks the description of the elements used in SEC v. McGee, 895 F. Supp. 2d 669, 681 (E.D. Pa. 2012) ("To prevail . . . the SEC must prove by a preponderance of the evidence that McGee: (1) misappropriated material, nonpublic information . . . ."). There is no reason to deviate from this precedent.

**Response to Defendants' Objection to Final Instruction No. 11 – Materiality:**

Defendants' objection to this proposed instruction is baseless. The proposed instruction was adapted from the jury charge in United States v. McGee, Case No. 12-236 (E.D. Pa.). Additionally, it provides the jury different bases for determining materiality. Pursuant to Third Circuit law, nonpublic information about a company's revenue is material. Rothberg v. Rosenbloom, 771 F.2d 818, 821 (3d Cir. 1985). The Supreme Court has stated that "trading (and

profit making) by insiders can serve as an indication of materiality . . . ." <u>Basic Inc. v. Levinson</u>, 485 U.S. 224, 241 n.18 (1988). And in <u>SEC v. Mayhew</u>, 121 F.3d 44, 52 (2d Cir. 1997), the Second Circuit held stated that "a major factor in determining whether information was material is the importance attached to it by those who knew about it." With respect to this last point, it is confounding that defendants object to basing this instruction, in part, on <u>Mayhew</u>, when defendants approvingly cite to it in their objection to Final Instruction No. 10. <u>See</u> ECF Doc. No. 70 at 10 (cited by defendants for proposition that material and nonpublic should be split up into separate elements).

**Response to Defendants' Objection to Final Instruction No. 11 – Nonpublic:**

The portion of the instruction defendants object to tracks <u>United States v. McGee</u>, Case No. 12-236 (E.D. Pa.), Jury Instruction (Tr. 11/15/12 at 68-69). Defendants object to this portion of Final Instruction No. 11 largely on the grounds that it is based on cases from outside the Third Circuit. However, defendants then cite a case from the Second Circuit for the argument that an additional sentence should be added. The Commission respectfully requests that the Court use the Commission's proposed instruction, which comes from <u>McGee</u>, the last insider trading jury trial in the Eastern District of Pennsylvania.

**Response to Defendants' Objection to Final Instruction No. 12 – Duty of Trust and Confidence:**

The word "stole" is appropriately used in this instruction. Stolen is a synonym for misappropriated and is likely much easier for the jury to understand. The jury will hear during the trial that defendants stole Capital One's information and used it for their own purposes. Defendants will not be prejudiced by its inclusion in this instruction and cite no case supporting their position.

**Response to Defendants' Objection to Final Instruction No. 14 – Inside Information Does Not Have to be Sole Reason for Trading:**

As an initial matter, 17 C.F.R. Section 240.10b5 1(b), provides that "a purchase or sale of a security of an issuer is 'on the basis of' material nonpublic information about that security or issuer if the person making the purchase or sale was aware of the material nonpublic information when the person made the purchase or sale." This instruction, accordingly, properly instructs the jury that the inside information does not need to be driving force behind defendants' trading. The inclusion of this instruction is also important given defendants' Fifth Amendment assertions and absence from trial. If defendants had testified, they would be forced to admit how they downloaded, analyzed, and used this data. Because they will not be testifying, the jury will not hear this important testimony. Indeed, the Commission expects that defendants will argue that the Commission has not demonstrated how defendants used Capital One's data. As discussed, the law simply requires that defendants were "aware" of the information at the time they traded.

**Response to Defendants' Objection to Final Instruction No. 15 – Scienter:**

The Court should use this instruction as proposed. The evidence will show that Nan Huang booked a flight to China (and left the next day) immediately after being fired by Capital One and that Bonan Huang left for China the same day he was served with the Complaint. The timing of these departures supplies the inference that defendants fled to escape liability. The jury

should be instructed that it can consider this consciousness of guilt evidence when determining defendants' scienter.

Respectfully Submitted,

/s/ Christopher R. Kelly
David L. Axelrod
Christopher R. Kelly

Attorneys for Plaintiff:

SECURITIES AND EXCHANGE
COMMISSION
Philadelphia Regional Office
One Penn Center
1617 JFK Blvd., Suite 520
Philadelphia, PA 19103
Telephone: (215) 597-3100

Dated: November 30, 2015